Henry Ackermann et al. v. Charles Ackermann et al.

Decided February 14, 1900.

1. Verdict Held General—Construction.

Where, in an action between heirs for partition of lands, the verdict is for defendants "in accordance with the last will and testament of" the deceased ancestor, it is a general verdict, and includes a finding of every material and well-pleaded fact in favor of defendants.

2. Pleading Construed—Suit by Heirs.

Where, in an action between heirs for partition, it is alleged in the answer that the deceased ancestor devised to L., a daughter, certain lands, and an equal undivided interest in all his other real estate with his children, naming five, but omitting the name of H., this is equivalent to an allegation that H. was excluded by the provisions of the will, and an allegation immediately following, that plaintiffs, of whom H. was one, were entitled to their respective one-sixth interest in the lands was not an admission that H. was so entitled, as such allegation had reference to the six heirs that had just been mentioned.

3. Presumption in Favor of Verdict—Community Property.

Where, in an action by heirs for partition of the father's estate and seeking also to charge it with their interest in their mother's separate estate, which they allege the father had appropriated, the answer, besides the general denial, alleged that the father had authority to dispose of the whole community property, and there was a general verdict for defendant, it will be presumed on appeal, in the absence of a statement of facts, that the property claimed by plaintiffs to be the separate estate of the mother was community estate.

Error from Bexar.   Tried below before Hon. R. B. Green.

J. A. Buckler, for plaintiffs in error.

Gillespie & Umscheidt, for defendants in error.

Fly, Associate Justice.—Suit was instituted by Charles, Louis, Andrew, Henry, and Robert Ackermann against Louisa M. Bartholomae and her husband, Wm. G. Bartholomae, and Albert Ackermann, individually and as independent executor of the last will of John A. Ackermann, deceased, for a partition of certain real estate and for a judgment against the community estate of John A. Ackermann for the sum of $29.055.

It was alleged in the petition that John A. Ackermann and Marie L. Ackermann were the father and mother of the plaintiffs and the defendant, Albert Ackermann, and that all of the property except a lot in San Antonio on the north side of Blum Street, known as lot No. 102, was the community property of their said father and mother, the lot excepted being the separate estate of said Marie L. Ackermann. The plaintiffs claimed five-sixths of all the interest that their mother had in the community property, and the same interest in her separate property, and alleged that the remaining one-sixth interest in the property that belonged to the mother in her community and separate right belonged to Albert Ackermann. It was further alleged that sums of money amounting to $58,110, belonging to the community estate, had been appropriated by their father, John A. Ackermann, and that plaintiffs were entitled

to their interest in one-half that sum, to wit, $29,055, which they asked to be declared a lien on all the community interest of said John A. Ackermann, and that said interest be sold for the payment of the said sum to plaintiffs and defendant, Albert Ackermann. It was also alleged that "Marie L. Ackermann died intestate, in Bexar County, Texas, on or about the 28th day of April, 1877, and said John A. Ackermann died intestate in Bexar County, Texas, on or about the 18th day of November, 1897, leaving a will in which he constituted and appointed said Albert Ackermann sole executor of said will, which said will was thereafter duly probated in the County Court of Bexar County, Texas." It was alleged "that said Louisa N. Bartholomae is claiming some interest in all the aforesaid real estate."

Defendants answered by general denial, and also specially answered as follows: "Specially answering, defendants say it is true that John A. Ackermann died testate in Bexar County, Texas, on or about November 18, 1897, and that by the terms of his will he appointed Albert Ackerman independent executor of his said estate, and that said will has been duly admitted to probate, and that said Albert Ackermann is now the duly appointed, qualified, and acting independent·executor of the estate of J. A. Ackermann, deceased.

"Defendants further say that by the terms of the will of J. A. Ackermann, deceased, which said will they say was duly admitted to probate in the county probate court of Bexar County, Texas, at its January term, 1898, the defendant, Louisa N. Bartholomae, whose maiden name prior to her marriage with her codefendant Bartholomae was Louisa Nathalia Ackermann, was devised that certain lot or parcel of land with the improvements thereon in the city of San Antonio, Bexar County, Texas, a short distance east of the Madre ditch, being a portion of original lot No. 49 sold by the city of San Antonio to Bryan Callaghan by deed recorded in book No. 1, on page 399, records of Bexar County; said lot is situated on the corner of Live Oak and Starr streets, having a front of 30 varas on Live Oak Street and running back 110 varas between the north line of Starr Street and a line parallel thereto, being the same property conveyed to Elizabeth Rowley by Thos. Johnson, by deed recorded in Book 'T' No. 2, records of Bexar county, and from C. P. and Elizabeth Rowley to J. A. Ackermann by deed dated January 20, 1875, and recorded in volume 1, page 352, Bexar County records, to which reference is made; also the further sum of one thousand dollars, one piano, one horse and buggy, and all household and kitchen furniture, to be held and enjoyed by her and her heirs forever; and also an equal undivided interest in and to all the other real estate of the testator, J. A. Ackermann, consisting of a lot and improvements on the north side of Blum Street in San Antonio, and testator's farm, in said will described as 247 acres of land and improvements on the Salado Creek, about four miles east of the city of San Antonio, Texas, with the children of testator, Charles Ackermann, Louis Ackermann, Albert Ackermann, Andrew Ackermann, and Robert Ackermann.

"Defendants show to the court that the defendant Albert Ackermann has accepted the terms of his father's said will, and is the duly qualified executor thereof.

"Wherefore defendants say that by reason of the terms of the said will of J. A. Ackermann, deceased, plaintiffs acquired no right, title, interest, or estate in and to any of the property of the estate of testator except their respective undivided one-sixth-interest in and to those certain tracts or parcels of land last described as being the Blum Street property and the farm on the Salado Creek.

"Defendants further show to the court that subsequent to the date of the said last will and testament of J. A. Ackermann, but before his death, said J. A. Ackermann, by warranty deed made, executed, and delivered, did grant and convey unto his daughter, the defendant herein (prior to her marriage with her codefendant), that certain tract or parcel of land first herein set out and described, being the property situated at Live Oak and Starr streets, which said deed of conveyance was executed and delivered on the 20th day of September, and duly recorded in the records of Bexar County, Texas, in volume 164, on page 164.

"Wherefore defendants show to the court that of the property set out in plaintiffs' petition defendant Louisa N. Bartholomae is the owner in fee simple of that portion situated at Live Oak and Starr streets and known as lot No. 11 out of said original city lot 49, and that she is the owner in fee simple of an equal undivided one-sixth interest in and to the Blum Street and farm property, and that the defendant Albert Ackermann is the owner in fee simple of an equal undivided one-sixth interest in and to the Blum Street and farm property, and that each of the plaintiffs herein, Charles Ackermann, Louis Ackermann, Andrew Ackermann, and Robert Ackermann, are entitled to an equal undivided one-sixth interest in and to the said Blum Street property and farm property, and that plaintiffs are entitled to no more.

"And for further special plea herein defendants aver the facts to be, and so charge, that the said testator, J. A. Ackermann, long prior to his death, had by way of advancements made to the said plaintiffs more than fully paid off and discharged any and all interest that they had in the community of himself and former wife's estate, and had fully settled with the said plaintiffs, and held the properties conveyed and devised by him to defendants and to plaintiffs free from any and all claims by reason of the community estate of his first wife, and had made full settlement and acquittance with said plaintiffs by way of advancement to them made in money, land, and stock for the community estate of their said mother, and held the said property by him conveyed and devised by his conveyance aforesaid and by his last will and testament, free and subject to his own absolute conveyance and disposition; and had so held the same, claiming to own all the property by him so conveyed and using and occupying and enjoying the same, for more than ten years next before the date of his conveyance and the date of his death, said possession being open, notorious, peaceable, and adverse to any and all claims, and

said plaintiffs well knew of such claim and recognized his absolute right and title thereto.

"For further special plea herein defendants say: That the claim asserted by plaintiffs in their first amended original petition for conversion of the property, money, cattle, and horses and rents of the community of their said mother by J. A. Ackermann, deceased, is barred by the statute of two and four. years limitations, and defendants here now interpose said statutes of two and four years limitations as a defense to said recovery upon said count for conversion of said property, money, cattle, horses, and rents, and say that plaintiffs' cause of action, if any they had, accrued more than two years and more than four years prior to the death of J. A. Ackermann, and was barred prior to the filing of their said suit.

"Further specially pleading, defendants say that said plaintiffs can not take under the will of their said father and repudiate the same, and defendants pray that said plaintiffs be put upon their election, and be required to bring into hotchpotch all advancements to them heretofore made, and be required to release and relinquish the benefits of any devise to them made out of the estate of their deceased father before they be permitted to repudiate the terms of the said will of their said father, J. A. Ackermann, in whole or in part to the damage and injury of defendant Louisa N. Bartholomae."

Neither a charge of the court, nor a statement of facts, is brought up in the record. Henry Ackermann alone appeals.

It is contended by appellant that the verdict is not sufficient to support the judgment. We do not think the contention can be sustained. Had the verdict been for the defendants, omitting the words, "in accordance with the last will and testament of John A. Ackermann, deceased," it would be conceded to be a general verdict, and the words in question did not change its character. Darden v. Matthews, 22 Texas, 320; Shifflet v. Morellle, 68 Texas, 382; Railway v. Michalke, 14 Texas Civ. App., 495; 37 S. W. Rep., 480.

Being a general verdict, it includes the finding in favor of defendants of every material fact well pleaded. Wells v. Barnett, 7 Texas, 585; Smith v. Johnson, 8 Texas, 418; Hamilton v. Rice, 15 Texas, 382; Davies v. Thompson, 92 Texas, 392.

An inspection of the pleadings reveals that it is stated in the petition and answer that a will had been made by John A. Ackermann and duly probated after his death, Albert Ackermann being executor. In the answer it is alleged that by that will was devised to Mrs. Bartholomae certain land in the city of San Antonio, identifying it, and also certain personal property, and "an equal undivided interest in and to all the other real estate of the testator J. A. Ackermann * * * with the children of testator, Charles Ackermann, Louis Ackermann, Albert Ackermann, Andrew Ackermann, and Robert Ackermann." This allegation has the effect, we think, of stating that Henry Ackermann, plaintiff in error, was excluded by the provisions of the will. In addition facts

were pleaded showing that John A. Ackermann, deceased, had the power and authority to dispose of the whole of the community property. The presumption would obtain, in the absence of a statement of facts, that it was proved that the property alleged by plaintiffs to be the separate property of Marie L. Ackermann, was community estate.

There is no merit in the contention that the allegation in the answer that plaintiffs were entitled to their respective one-sixth interest in certain lands was an admission that Henry Ackermann was entitled to a one-sixth interest in the land. The pleading immediately followed the allegation of the terms of the will by which Henry Ackermann was excluded, and clearly has reference to the plaintiffs whose names are mentioned as devisees under the will.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.