## WESTERN UNION TELEGRAPH COMPANY v. JACK AUSLET.

### Decided January 15, 1909.

**1.—Damages—Proximate Estimate.**

It is not a sufficient reason for disallowing damages claimed that a party can state their amount only approximately; it is enough if from proximate estimates of witnesses a satisfactory conclusion can be reached.

**2.—Same.**

. In a suit for damages for negligent failure to deliver a telegram preventing a theatrical performance, the amount could be proximately estimated with reasonable certainty from proof of the number of tickets sold and the testimony of the manager of the opera house that from his experience of the attendance upon similar performances in his judgment he would have received a certain amount if the performance had been given.

**3.—Same—Case Distinguished.**

Houston & T. C. Ry. Co. v. Hill, 63 Texas, 381.

Appeal from the County Court of Orange County. Tried below before Hon. W. J. Wingate.

*F. J.* and *R. C. Duff, A. L. Davis* and *H. P. Barry,* for appellant.—Damages based on prospective profits which plaintiff expected to realize from the sale of tickets to a theatrical performance are not recoverable, where the evidence furnished no criterion by which to estimate with any degree of certainty the number of tickets which would have been sold. Houston & T. C. Ry. Co. v. Hill, 63 Texas, 381; Jones v. George, 56 Texas, 149.

*W. O. Huggins,* for appellee.

REESE, ASSOCIATE JUSTICE.—This is a suit in the County Court by Jack Auslet against the Western Union Telegraph Company to recover damages for negligent failure to promptly transmit and deliver to him a telegraph message delivered to defendant at La Fayette, Louisiana, by James B. Delcher, addressed to plaintiff at Orange, Texas, said message being as follows:

"J. Auslet, Mgr. Opera House, Orange, Texas.

"Have wagon at train and stage set with center door; have fancy brass bed and all available furniture.

"Delcher."

Damages was claimed in the sum of $250, less $15 expense of lighting the opera house. It was alleged, substantially, in the petition that Delcher was the manager of a theatrical troupe traveling through the country, and that plaintiff, who was the manager of the opera house at Orange, had arranged to have said troupe to give a performance of a certain play in Orange on the night of November 1, 1907. The message related to said performance. It was delivered to defendant's agent at La Fayette, Louisiana, about five o'clock p. m., November 1, and was not received by plaintiff until next day. By reason of the negligent failure to deliver the message there was no performance. The damages claimed were based upon the amount of tickets that could have been sold. Upon trial without a jury the court rendered judgment for plaintiff for $165, from which defendant appeals.

It will only be necessary to pass upon two questions raised by the assignments. First, it is contended that the damages claimed were

speculative and too uncertain of definite ascertainment to authorize a recovery.

The evidence showed that appellee had sold and received the money for $170 worth of tickets, and that $167 worth had been set aside upon orders, but not taken or paid for. In addition to these appellee testified that he had been the manager of the opera house the entire season and from his experience of the attendance upon similar performances in his judgment he would have received for admission to this performance, if it had been given, $600, of which his share would have been thirty percent, out of which he would have had to pay $15 for lighting.

The estimate of the probable amount of receipts was not altogether speculative, even as to those in addition to the tickets sold and those spoken for. That they could not have been estimated with accuracy will not bar appellee of a recovery of his damages proximately caused by appellant's negligence, if there be some basis or standard from which they may be approximately estimated with a reasonable degree of certainty. "It is not a sufficient reason for disallowing damages claimed that a party can state their amount only approximately; it is enough if from proximate estimates of witnesses a satisfactory conclusion can be reached." (13 Cyc., 37.) We think this rule applies here. It was shown how many tickets had been sold and spoken for. With this and the experience as to the attendance upon former theatrical performances of the same general character, we think that the attendance which might be reasonably expected in the circumstances, might be proximately estimated with such reasonable certainty as to authorize the recovery here sought.

In the case of Houston & T. C. Ry. Co. v. Hill (63 Texas, 381), relied upon by appellant, there was absolutely nothing by which the number of excursion tickets which would probably be sold could be estimated. There had been no previous excursions under similar circumstances to serve as a guide. It is intimated in the opinion that if there had been, the damages would have been recoverable.

In the present case it was shown that on the night in question the weather was unpropitious, but we must assume that this was given due weight by the trial court. We conclude that the damages were such as could be recovered, if caused by the negligent delay in transmission and delivery of the message. (Bagley v. Smith, 61 Am. Dec., 756; Wakeman v. Wheeler & Wilson Mfg. Co., 54 Am. Rep., 676.)

It is further contended by appellant that the damages were not the proximate consequence of the failure to promptly transmit and deliver the message, and that the court erred in so finding. The evidence upon this point is, in substance and briefly, that appellee had arranged with Delcher for the performance on the night of November 1. It was known that the troupe would come from Baton Rouge, Louisiana, by a train due to arrive at Orange at 8.45 o'clock p. m. Necessarily, the performance was not expected to begin at the usual hour, which was 8.30 p. m. The performance had been fully advertised. The train was late, which was known in Orange, and did not arrive until 9.25 p. m. About 7 o'clock p. m. appellee was told by an agent of the railroad upon which the troupe was to arrive that

they would not come on that train. Not having heard from Delcher, he assumed this to be true, and as this would, of course, prevent any performance, he dismissed his employes and took measures to notify the patrons of the opera house by telephone and otherwise, and the people generally, that there would be no performance. If the message had been promptly delivered he would have known that the troupe would come on that train, and could and would have had everything in readiness for the performance, which could have begun by 10 o'clock, which was not an unusual thing. It was shown that the members of the company were all made up, with their costumes, paints, etc., would have had nothing to do, upon the arrival of the train, but to go to the opera house, ten blocks from the station, and begin the performance, which, as shown by the testimony, would not have taken more than fifteen minutes after the arrival of the train, if everything had been in readiness, which would have been the case if the message had been promptly sent and delivered.

It is true that the immediate cause of the dismissal of the employes and notifying the people that there would be no performance, after which it would have been impossible to have it, was the information received by appellee that the company would not come on that train, but if the message from Delcher had been received in proper time appellee would not have acted upon this information, but would have known that it was erroneous, that the troupe was on the way, and he would have had the opera house and the audience ready.

We do not think that the court erred in finding that the failure to have the performance was the proximate consequence of the negligent failure to promptly transmit and deliver the message.

None of the assignments of error present any error requiring a reversal of the judgment and they are severally overruled and the judgment affirmed.

Upon a precisely similar state of facts Delcher sued in the same court to recover damages accruing to him, and recovered judgment therefor, from which the telegraph company appeals. The pleadings, evidence and assignments of error are the same in both cases. What we have said disposes also of that case, the judgment in which is also affirmed.

*Affirmed.*