## WICHITA FALLS & W. RY. CO. v. PIGG.

(Court of Civil Appeals of Texas. Amarillo. Jan. 20, 1912.)

1. JUSTICES OF THE PEACE (§ 91*)—PLEADING—SUFFICIENCY.

In an action in the justice court, allegations of the petition of special damages as follows: "To cotton damaged so as to be of no value and destroyed in patch, 2,000 lbs., $80; to feed damaged and destroyed in field, $10; to time lost in herding stock out of field, $17.-50"—are sufficiently definite; technical rules of pleading not being strictly enforced in justices' courts.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 307–323; Dec. Dig. § 91.*]

2. APPEAL AND ERROR (§ 694*)—FINDINGS AND CONCLUSIONS—WHEN CONCLUSIVE.

Where a record on appeal contains no statement of facts, the findings and conclusions of the trial court are conclusive on the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2910; Dec. Dig. § 694.*]

3. APPEAL AND ERROR (§ 909*)—PRESUMPTIONS—SUFFICIENCY OF EVIDENCE.

In an action for injuries to property, the trial court found as a fact that the work causing the injury was done by an independent contractor, and concluded that the master was liable. The record on appeal contained no statement of facts. Held that, since the master may be liable under some circumstances for the negligence of an independent contractor, the court, in the absence of the evidence, was bound to presume that it was sufficient to sustain the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

Appeal from Collingsworth County Court; R. H. Cocke, Jr., Judge.

Action by Bently Pigg against the Wichita Falls & Wellington Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

R. H. Templeton, for appellant. Lackey & Lackey, for appellee.

HALL, J. This is a suit for damages, appealed from the county court of Collingsworth county. Appellant's first, second, and third assignments of error are based upon the action of the trial court in overruling its special exceptions to plaintiff's petition. The remaining assignments of error complain of the conclusions of law.

[1] Plaintiff's first, second, and third assignments of error complain of the court in overruling the first, second, and third exceptions to plaintiff's petition. The three items excepted to are as follows: "To cotton damaged so as to be of no value and destroyed in patch, 2,000 lbs., $80.00; to feed damaged and destroyed in field, $10.00; to

time lost in herding stock out of field, $17.-50." The exceptions are that the statement of the items of damages are vague and indefinite, and do not inform defendant of what plaintiff expects to prove and because the item of $17.50 did not itemize or give the number of hours and days and the price per hour or day claimed in herding as alleged, etc. The case having originated in the justice court, and being tried de novo in the county court, we think the averment of the special damages are sufficient. Technical rules of pleading are not strictly enforced in such cases. We think there was no error in overruling the exceptions.

[2] No statement of facts accompanied the record and it is well settled that, in the absence of a statement of facts, the appellate court will take the findings and conclusions of the trial court as conclusive. Kruegel v. Johnson, 112 S. W. 774; East v. Houston, etc., Ry. Co., 77 S. W. 646; Smith v. Anderson, 8 Tex. Civ. App. 188, 27 S. W. 775.

[3] Appellant contends, because the trial court found as a fact that the work was being done by an independent contractor in the construction of the railroad through appellee's premises, that there was no error in concluding that such independent contractor was the agent of appellant, and that appellant could be held liable for the negligence of such construction company. There are many circumstances under which the master is liable for the negligence of an independent contractor, as where an incompetent contractor has been employed with knowledge on the part of the master of his incompetency; where the master actively interferes with the work as it is done; where the corporate franchise or express contractual duties render the obligation of the master nondelegable; or where the nature of the work is such as to require more than ordinary precautions. We do not know what the evidence was bearing upon that issue, and in the present state of the record are bound to presume it was sufficient to sustain the judgment.

For the reasons stated, appellant's assignments of error must all be overruled. A careful inspection of the record discloses no fundamental error requiring a reversal of the cause, and the judgment is therefore affirmed.