WICHITA FALLS & W. RY. CO. OF TEXAS v. HAMMAN.

(Court of Civil Appeals of Texas. Amarillo. Jan. 27, 1912.)

1. JUSTICES OF THE PEACE (§ 91*)—PLEADINGS—STATEMENT OF CAUSE OF ACTION—SUFFICIENCY.

Under Rev. St. 1895, art. 1608, providing that pleadings in justice's court shall be oral except as otherwise specially provided, a statement of a cause of action in justice's court for

damages resulting during the construction of a railroad by defendant on plaintiff's premises, which states the items of damages in the form of an account, is sufficient to state a cause of action.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 91.*]

2. APPEAL AND ERROR (§ 907*)—PRESUMPTIONS—RECORD.

Where there is no statement of facts in the record on appeal from a judgment against a railroad company for damages resulting during the construction of its road through plaintiff's premises, the court, on appeal, will presume that the company was liable, though the road was constructed by an independent contractor.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 907.*]

3. APPEAL AND ERROR (§ 907*)—PRESUMPTIONS—RECORD.

Where an item of damage in a petition was sufficiently specific as against a special exception, and the judgment was for the amount demanded therein, the court, on appeal, in the absence of the statement of facts, must presume that it was rendered on such item, and not under another item defectively pleaded.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 907.*]

Appeal from Collingsworth County Court; R. H. Cocke, Jr., Judge.

Action by B. Hamman against the Wichita Falls & Wellington Railway Company of Texas. From a judgment of the county court for plaintiff, rendered on appeal from a justice's judgment, defendant appeals. Affirmed.

R. H. Templeton, for appellant. Lackey & Lackey, for appellee.

HALL, J. [1] This is a suit for damages alleged to have resulted during the construction of appellant's road through appellee's premises. Appellee's statement of his items of damages, as filed in the justice court, is in the form of an account. The first assignment of error complains of the ruling of the court upon defendant's exceptions to plaintiff's petition. Article 1603, Rev. Stat. 1895, provides that the pleadings in the justice court shall be oral, except where otherwise specially provided. The effect of this article, in cases like the one under consideration, is to provide that plaintiff's statement of the cause of action may be made orally, and that the justice shall note a brief statement thereof on his docket. It has been uniformly held in this state that the form in which a party to a suit in the justice court may state his cause of action or grounds of defense is of no importance, and if from all that is stated, written and orally, the court can ascertain what right the plaintiff asserts or what defense the defendant interposes, the pleading will be held to be sufficient. The technical rules applying to written pleadings, when filed in the district and county courts, do not apply to pleadings in the justice court, and we think the trial court did not err in overruling the exceptions. Batla v. Goodell, 53 Tex. Civ. App. 178, 115 S. W. 624; Davis v. Sorrenson, 27 S. W. 210; Sanger v. Noonan, 27 S. W. 1057; Austin, etc., Ry. Co. v. Anderson, 85 Tex. 88, 19 S. W. 1025.

[2] The remaining assignments of error relate to the conclusions of law filed by the court. There is no statement of facts in the record, and the rule is that every presumption must be indulged in favor of the the judgment. Phillips v. Wise, 31 S. W. 428; Voges v. Dittlinger, 72 S. W. 875; Brown v. Ft. Worth, etc., R. R. Co., 41 S. W. 824; Ackerman v. Ackerman, 22 Tex. Civ. App. 612, 55 S. W. 801. Appellant's contention that, the trial court having found the damage to have resulted from the negligence of an independent contractor, it was error to conclude that the defendant was liable for the damages, cannot be sustained. As stated by this court in the case of Wichita Falls & Wellington Ry. Co. v. Bently Pigg, 143 S. W. 669, many cases may arise wherein the employer would be liable for negligent acts of an independent contractor, and we are bound to presume, in the absence of some showing in the record to the contrary, that the evidence disclosed facts bringing this case within the rule.

[3] There are two items of damage in plaintiff's petition of $50 each and two of $25 each. The first item of $50 is sufficiently specific as against the special exception, even in the county court, and, since the judgment appealed from was for only $50, we are bound to presume that it was rendered upon the item properly plead.

The judgment of the trial court is affirmed.