SAN ANTONIO TRACTION CO. v. CORLEY.

(Court of Civil Appeals of Texas. San Antonio. Feb. 19, 1913. Rehearing Denied March 19, 1913.)

1. TRIAL (§ 331*)—GENERAL VERDICT—SUFFICIENCY TO SUPPORT JUDGMENT.

A verdict, "We find the defendant guilty of negligence, due to imprudent starting of the car from which C. was violently thrown," and fixing damages, was sufficient to support a judgment, although the facts found therein might accord with a theory not submitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 783; Dec. Dig. § 331.*]

2. APPEAL AND ERROR (§ 1066*)—INSTRUCTIONS—HARMLESS ERROR.

In an action for personal injuries, where there was no issue of contributory negligence, error in instructing as to the same was harmless, where it could not have misled the jury to believe that, in order to sustain its defense, defendant must show plaintiff guilty of contributory negligence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066;* Trial, Cent. Dig. § 558.]

3. DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

In an action for personal injuries, where plaintiff's wife, who was 35 years of age, the mother of two children, and had done all her housework, was confined to her bed for three months, was rendered nervous, continually suffered pain, had headache and rushes of blood to the head, had her left eye injured, could not do her work on account of pain in her side, which remained swollen all the time, had to have an operation performed which rendered her sterile, and which would bring on a change of life, a verdict of $12,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

4. DAMAGES (§ 208*)—PERMANENT INJURY—QUESTION FOR JURY.

In an action for personal injuries, evidence *held* to justify the submission of the issue of permanent injury and the issue of whether there would be future physical and mental suffering.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 54, 64, 68, 132, 144, 145, 205; Dec. Dig. § 208.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by J. P. Corley against the San Antonio Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Templeton, Brooks, Napier & Ogden, of San Antonio, for appellant. R. H. Ward, T. J. Newton, and Will A. Morriss, all of San Antonio, for appellee.

MOURSUND, J. This is a suit brought by appellee against appellant to recover damages for personal injuries alleged to have been sustained by appellee's wife by reason of the negligence of appellant. Plaintiff alleged, in substance, that while one of appellant's cars was standing still, ready for the reception of passengers, plaintiff's wife stepped upon the running board of such car with a view of entering the same, and just as she stepped upon said running board, and before she had time to enter said car, defendant, its servants, agents, and employés in charge of said car, negligently and carelessly started said car into sudden and rapid motion, by means whereof plaintiff's wife was thrown with great force and violence to the pavement, rendering her unconscious, and seriously and permanently injuring her. The defendant answered by general denial, plea of contributory negligence, and pleaded, further, that the alleged accident was caused by the act of Mrs. Corley in attempting to leave the car as the same was started. The trial resulted in a verdict and judgment in favor of plaintiff for $12,500, from which defendant appealed.

Conclusions of Fact.

There is a direct conflict in the evidence, and, the jury having determined in favor of the credibility of the plaintiff's witnesses, we conclude, after a careful examination of the evidence, that the evidence of said witnesses is reasonably sufficient to warrant the jury in finding the following facts: (1) That while one of appellant's cars was standing still plaintiff's wife stepped upon the running board of such car, extending along the side thereof, and before she had time to enter the same appellant's employés in charge of the car suddenly started the same, causing plaintiff's wife to be thrown to the pavement. (2) That the appellant's employés, in starting said car at the time and in the manner they did, were guilty of negligence, which was the proximate cause of plaintiff's wife being thrown to the ground. (3) That plaintiff's wife was not guilty of negligence contributing to the fall she received. (4) That by reason of such fall plaintiff's wife suffered serious and permanent injuries.

Opinion.

1. Our conclusions of fact dispose of the first and second assignments of error adversely to appellant, said assignments being directed to the sufficiency of the evidence; the contentions being (1) that the evidence was insufficient to support the verdict; (2) that the charge submitting plaintiff's theory was erroneous, because the evidence was not sufficient to authorize the submission of the issue.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

[1] 2. The verdict reads as follows: "We, the jury, find defendant guilty of negligence, due to imprudent starting of car from which Mrs. J. P. Corley was violently thrown at corner of Houston street and Avenue C, and from which she sustained permanent injuries, and fix the amount of damages at ($12,500) twelve thousand five hundred and 00/100 dollars."

Assignments 3, 4, 5, and 6 all question the sufficiency of said verdict. "A verdict in favor of one party is always to be taken as a verdict against the other." Railway v. Gallaher, 79 Tex. 691, 15 S. W. 696. The verdict was a general one, and it was not necessary for it to find every element necessary to make a case for plaintiff, merely because it stated certain special facts. Railway v. Michalke, 14 Tex. Civ. App. 495, 37 S. W. 481; Ackermann v. Ackermann, 22 Tex. Civ. App. 612, 55 S. W. 801. It is asserted that the verdict is uncertain, in that the jury might have rendered the same as it reads upon finding that the car was started after Mrs. Corley had entered the same, and while she was trying to alight therefrom, and, applying the definition of negligence given in the charge, have intended and made a finding against appellant upon an issue not pleaded or submitted. The only issue submitted in favor of plaintiff was whether the car started suddenly while Mrs. Corley was on the running board trying to enter the car. The defensive issue was submitted in the following language: "You are further instructed that if you find that plaintiff's wife had gotten on said car, and after said car was put in motion said plaintiff's wife voluntarily attempted to alight from said car while the same was in motion, then you will find for defendant."

The facts found by the verdict are some of those required to be found to enable plaintiff to recover, and are not in accord with those named in the defensive charge. We are not authorized, in order to destroy the verdict, to suppose that the jury violated its instructions and found for plaintiff upon a theory not submitted, merely because the findings stated in the verdict would also accord with such other theory. To hold the verdict uncertain, there should be something in the same indicating such erroneous and unauthorized action by the jury. As verdicts should be construed liberally, we hold the verdict in this case sufficient to support the judgment.

[2] 3. The court, in his charge, defined negligence, first as applied to defendant, then as applied to plaintiff's wife, and appellant complains of that portion defining negligence as applied to plaintiff's wife, for the reason that no issue of contributory negligence was submitted in the charge, and the jury would naturally apply this definition to the defensive charge above set out, and render the same erroneous by adding to the same a limitation to the effect that, in addition to the facts therein stated, they must also find that plaintiff's wife was negligent. We agree that the appellant was entitled to the defensive charge as given. Railway v. Boer, 108 S. W. 201; Haralson v. Traction Co., 53 Tex. Civ. App. 253, 115 S. W. 876; Small v. Traction Co., 148 S. W. 833. The court erred in defining negligence as applied to plaintiff's wife, where there was no occasion for applying such definition; but we do not regard this error as serious. A long paragraph, giving the measure of damages, intervened between the defensive paragraph and the one defining negligence. The only other paragraph of the charge in which negligence is mentioned is the first paragraph; nor was there any charge fixing the burden of proof with respect to contributory negligence. The jury might as well have applied the definition to the acts of plaintiff's wife mentioned in the first paragraph as to those mentioned in the second one. In the first paragraph the jury was required to find that she attempted to board the car, and that she stepped upon the running board of the car; in the second paragraph (the defensive charge) they were required to find that she voluntarily attempted to alight from the car while it was in motion. The jury found affirmatively that the car was imprudently started, and that Mrs. Corley was thrown from same. Of course, the same facts would have been found by a verdict in the usual form. However, the issue was clearly made whether Mrs. Corley was thrown from the car, or whether she stepped from same; and as the charge was framed we do not think the error of the court probably contributed to the conclusion reached by the jury. Under rule 62a for the Courts of Civil Appeals (149 S. W. x), we hold this error to be one not requiring or authorizing us to reverse this case.

[3] 4. The verdict is charged by appellant to be excessive. Mrs. Corley was injured on June 5, 1910; the case was tried March 13, 1912. At the time of the trial she was 35 years old, and had been married to plaintiff about 15 years. They had two children, a girl 14 years old and a boy 12 years old. The evidence shows that at the time she was injured she was in good health; that she was able to do, and did, all the household work, including washing and ironing. The injuries were serious, necessitating staying in bed for about three months, and requiring a painful operation to be performed, and were of such character that, according to Mrs. Corley's testimony, she had continually suffered pain up to the time of the trial, besides being very nervous and afflicted with headache and rushing of blood to the head, and an injury to her left eye; that she was unable to do her work on account of the pain in her side, and her side was swollen all the

time. The operation was necessary, and involved the removal of her remaining ovary; the other having been removed about 18 months before she was injured. Dr. Kenney testified, in part: "The removal of this ovary, after the removal of the other, would bring on the menopause, produce sterility, bring on a change of life." It is not considered necessary to set out all the evidence relating to the injuries. Suffice it to say that we have considered the same carefully, and, while the amount allowed is large, the injuries are such that reasonable minds might differ widely regarding the proper amount of damages to compensate for same; and we do not find that the amount awarded is so disproportionate to the injuries as to lead to the conclusion that passion or prejudice or other improper motive actuated the jury in awarding the same.

[4] 5. We consider the evidence, above stated, to be sufficient to justify the court in submitting the issue of permanent injury, as well as the issue whether Mrs. Corley will endure physical pain and mental suffering in the future on account of her injuries. Railway v. Harriett, 80 Tex. 73, 15 S. W. 556.

We find no error requiring a reversal of the judgment, and the same is affirmed.