GALVESTON, H. & S. A. RY. CO. v. STATE.
(No. 3113.)

(Supreme Court of Texas. Jan. 14, 1920. Dissenting Opinion Jan. 19, 1920.)

On motion for rehearing. Rehearing denied.

For former opinion, see 216 S. W. 393.

PER CURIAM. Rehearing denied.

HAWKINS, J. (dissenting). In considering the motion for a rehearing I have given to the record a more careful scrutiny, and to the question presented a more careful study, than they received, before, from me. As a result I am convinced that this court's disposition of the cause, as set out in its opinion by Mr. Associate Justice Greenwood (216 S. W. 393), reversing and remanding, was erroneous. The error resulted, principally, from what I consider a misconstruction of the charge to the jury. That error is obvious, in the light of the language of the statute upon which the state's suit against the railway company for penalties is based, and of the instructions which were given to the jury. It will be observed that none of the language of either is set out in said opinion.

Said statute (Rev. St. 1911) is as follows:

"Art. 6592. Each railroad and railway corporation operating a line of railway in the state of Texas for the transportation of passengers thereon are [is] required to construct and maintain, and keep in a reasonably clean and sanitary condition, suitable and separate water-closets or privies for both male and female persons at each passenger station on its line of railway, either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom at such station for the accommodation of its passengers who are received and discharged from its cars thereat, and of its patrons and employés who have business with such railroads and corporations at such station."

The material portions of the instructions to the jury, including the main charge and a requested special charge, were as follows:

"(2) If you find * * * that the defendant * * * failed and neglected to maintain, at its station or depot, or within its passenger depot, or in connection therewith, or within a reasonable and convenient distance therefrom suitable and separate water-closets, * * * then you will find a verdict in favor of the plaintiff, the state of Texas; * * * and, if you do not so find, * * * you will find for the defendant."

"(3) If you find * * * that the defendant railway company had constructed and maintained suitable and separate water-closets * * * within a reasonable and convenient distance from its passenger station and depot at Flatonia, Fayette county, Texas, you will find for the defendant."

Special charge given at request of defendant railway company:

"You are instructed that, as the law of this case, according to the undisputed testimony, the defendant has maintained and constructed suitable and separate closets or privies for male and female persons near its passenger station at Flatonia, Texas, and has maintained the same since September 12, 1909, and the only question for you to determine in this case is whether or not it has constructed and maintained the same within a distance reasonable and convenient to its patrons and employés, and, if you find it to be within reasonable and convenient distance from such station, you will find for the defendant."

The obvious purposes of the statute are to require both that the designated conveniences be located at some one of the stipulated places, and that, as among them, the railway company shall be free to select the location. It would be absurd to say that a statutory provision that the railway company shall maintain designated conveniences at this, or that, or another stipulated place requires that such conveniences be maintained at any particular one of such places. Likewise it would seem unreasonable to hold or say that a charge instructing the jury, in substance, that the railway company is liable for the statutory penalty if it failed to maintain such conveniences *in the first statutory location*, "or" *in the second statutory location*, "or" *in some other statutory location*, practically deprives the railway company of its permissive right, under the statute, to exercise its option in determining at which one of such statutory places it will maintain such conveniences.

It is an uncontroverted fact that the only water-closets constructed or maintained by defendant in, at, or near said depot, were located some 524 feet from it, beyond Penn avenue. The only issue of fact was as to whether they were within "a reasonable and convenient distance" from said depot; whereupon arose the duty of the trial court to submit that single issue to the jury for determination. It was, of course, the duty of the court to submit that issue through a written charge, presenting the law of the case, as applicable to the facts in the light of the evidence, and in such manner and form as reasonably and probably would not confuse or mislead a jury of ordinary intelligence. Does the charge, as a whole, including said special instruction given at defendant's request, measure up to that standard? I think it does, although it needlessly incorporates references to other statutory locations as to which no issue was raised by the evidence; and upon that view, mainly, this dissent is based. Upon the contrary view, as to the meaning of paragraph 2 of said charge, and as to the probable effect of the charge as a whole is founded said opinion of this court—in which I no longer concur—

and the action of the court in overruling said motion.

The construction which said opinion places upon said charge is reflected in the declaration in said opinion that—

"The court instructed the jury to find a verdict for the state if they found the railway company failed and neglected to maintain at its station, or depot, or within its passenger depot, suitable and separate water-closets, or if they found that the railway company failed and neglected to maintain such closets within a reasonable and convenient distance from the depot."

Upon its face, said opinion appears to be sound. In other words, if the fair and reasonable meaning of the above-quoted paragraph 2 of the charge is, indeed, as so reflected by said opinion, that paragraph is in conflict with said paragraph 3 of the charge and with the said special instruction given at defendant's request, and, as a consequence, the judgment of both lower courts, carrying into effect the verdict of the jury should be reversed, and the cause remanded for a new trial, under a proper charge to the jury. In no other way can the integrity of trial by jury, in pursuance of a right guaranteed by the organic law of the land, be maintained. The virus in an essentially erroneous charge to the jury is seldom, if ever, wholly counteracted by a proper charge upon the same issue. That rule of reason has been crystallized into a settled rule of practice with which I am in full sympathy. Railway v. Robinson, 73 Tex. 277, 11 S. W. 327. But, very clearly, in the light of this record, the charge here under review does not involve such contradiction, and, as a consequence, said rule of practice is inapplicable. Application of it, in this instance, amounts, I think, to chasing shadows instead of grasping substance, and operates unreasonably and unjustly, thwarting, or at least unnecessarily delaying, due enforcement of said statute.

The statutory duty of the railway company was to construct, maintain, and keep in proper condition, the stated conveniences at each station, "either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom." The requirement is, not that such conveniences shall be at such first place, nor that they shall be at such second place, nor that they shall be at such third place, but merely that they shall be at some one of those three places. The location may be, first, within such depot, or, second, in connection with it, or, third, within a reasonable and convenient distance from it. Having that merely alternative requirement of the statute in mind, the trial court charged the jury, as set out in paragraph 2 of the main charge, *alternatively,* coupling all references to locations by the word "or," thus: "At its station or depot, or within its pas-

senger depot, or in connection therewith, or within a reasonable distance therefrom," substantially in the language of the statute. Paragraph 2 does not say, and to my mind does not reasonably or fairly imply, as indicated in the opinion of this court, that the jury should find against the defendant if the closets were not "at its station, or depot, or within its passenger depot," and that, likewise, and as a separate independent and co-ordinate proposition, the jury should find against the defendant if the closets were not "within a reasonable or convenient distance from said depot." All references in said paragraph 2 to locations are strung together by the disjunctive conjunction, following the one single reference to *failure and neglect to maintain.* The verbs "failed and neglected" are not *repeated,* as they are in the above-quoted portion of the opinion of this court construing said paragraph 2. Had those verbs been so repeated, the meaning of that paragraph, when considered alone, would have been as declared in said opinion of this court; but, in the absence of such repetition *between* the references to locations, the fair and reasonable effect and meaning of said paragraph 2 is, merely, that the jury shall find for the state if the railway company had *wholly* failed in performance of said statutory duty, in that the closets were not in *any* of said statutory locations.

Consequently, paragraph 2 was in harmony with paragraph 3, wherein the court instructed the jury, in substance, to find for the railway company if said closets were "within a reasonable and convenient distance" from said depot. Likewise said paragraph 2, and the main charge as a whole, including both paragraphs 2 and 3, were in harmony with the special charge given at the request of the railway company, wherein the jury were instructed, in substance, that "the only question" to be determined was whether the only closets concededly situated beyond Penn avenue, were "within a distance reasonable and convenient" from said station, and that, if they were, the jury should find for the railway company.

In a comparatively recent case this court, through former Associate Justice Yantis, said:

"We recognize the rule that ordinarily the charge is to be construed as a whole, and that one part may often be looked to for the purpose of qualifying another part of the charge." Nussbaum v. Railway, 108 Tex. 411, 194 S. W. 1101.

In the present instance, there being, certainly, no necessary contradiction or inconsistency presented in the instructions to the jury, the hereinabove stated natural and reasonable meaning and effect of said paragraph 2 thereof is made perfectly clear by said paragraph 3 and by the above-quoted special charge, separately, and together.

When considered as a whole, the instructions given to the jury, which were, in substance, first, to find for the plaintiff unless the defendant's closets were *in one or in another or in still another statutory location;* and, second, to find for the defendant if its closets were within a reasonable and convenient distance from the passenger depot; and, third, that the *only question* for determination by the jury was whether defendant's closets were within a reasonable and convenient distance from said depot, and, if they were, to find for defendant—fairly presented to the jury the law of the case, and were not calculated to confuse or mislead a jury of ordinary intelligence on the only issue of fact raised by the evidence.

I do not believe that, justly or correctly, it may be said that the court submitted to the jury an issue involving, *solely,* an inquiry as to whether defendant had constructed and maintained closets *within or in connection with the depot*—a question which, concededly, was not raised by the evidence. However, even if that was the effect of the charge, the error was favorable to the railway company, and, under the evidence, could not have harmed it. Rule 62a (149 S. W. x).

The verdict of the jury, while not strictly in the language of the statute, should be read and construed in the light of the pleadings, and of the evidence, and of the charge of the court as a whole, and thus unmistakably indicates that the jury fully understood each and all of the instructions given them by the court, and clearly comprehended the single issue which, thereby, they were required to determine, and that they meant to find, and did find, thereon, against the defendant. Shifflet v. Morelle, 68 Tex. 382, 4 S. W. 844; Traction Co. v. Corley, 154 S. W. 621, writ of error refused.

Under all the circumstances disclosed by the record in this case, the verdict of the jury and the judgments of the lower court, carrying it into fair and reasonable effect, should, I think, be allowed to stand.

For the opinion of the Court of Civil Appeals, which is in harmony with the views hereinabove expressed by me, see 194 S. W. 462.