CHARLES DILLINGHAM ET AL., RECEIVERS, V. J. L. PARKER.

No. 6853.

1. **Negligence a Question of Fact—Charge.**—As a general rule, where an act is not unlawful a court can not denounce it as negligence from which liability follows. It is for the jury to say, under proper instructions, whether the particular acts under investigation are negligent or not.

2. **Negligence — Cases Adhered to.**—Railway v. Murphy, 46 Texas, 356, and Railway v. Greenlee, 70 Texas, 553, adhered to.

3. **Liability of Railway Company for Acts of Nonemployes.** — A railway company would not be liable for an injury caused by an unauthorized party handling its machinery. But where a brakeman in absence of the engineer, having no authority, started an engine and caused an injury, and it appeared that the fireman was at his post and consenting to the brakeman's acts, it can not be held that the railway company is absolved from liability.

APPEAL from Grayson. Tried below before Hon. H. O. Head.

The opinion contains a sufficient statement.

*R. De Armond,* for appellants.—1. Switch or side tracks are constructed at depots and stations for the purpose of storing cars, to admit of the passage of trains on main track, and for other purposes, and are a necessary and indispensable incident to the use of the main track and the transaction of railroad business at such points for such uses.

2. The brakeman was not the agent or servant of defendants to operate their engine, and in that particular he stands in the relation of a stranger to their employment, and they are not liable to third persons for his acts in that relation.

*J. P. Cox,* and *Hare, Edmundson & Hare,* for appellee.—While switches and side tracks are constructed at depots for the purpose of storing cars and admitting the passage of trains upon the main track and are a

necessary incident to the use of the main track and the transaction of railroad business, still a company must under the law provide itself with a sufficient number of switches or must so use what it has as not to unduly obstruct the view from traveled street crossings, and a failure to so do is negligence, which in the charge complained of was properly and fairly submitted to the jury for determination.

GAINES, ASSOCIATE JUSTICE.—This action was brought by appellee to recover of appellants as receivers of the Houston & Texas Central Railway Company damages for personal injuries alleged to have resulted to him by reason of the negligence of the defendants in obstructing the view of the track and in operating a train so as to cause a collision with a wagon in which plaintiff was crossing the track. The plaintiff and two other persons attempted to cross the main track of the railway at a regular crossing in the city of Sherman, in a wagon drawn by horses, but before the track was passed the wagon was struck by a moving train and was overturned. The plaintiff, as he testified, was thrown to the ground and painfully injured. There was evidence tending to show that the train was moved upon the crossing without either the blowing of the whistle or the ringing of the bell. Upon this question, however, there was a conflict in the testimony. There was also evidence tending to show that there were cars standing upon the side track near the crossing in such position as to obstruct not only the view but also the noise of the approaching train.

The court among other things charged the jury as follows: "It is the duty of those operating railway locomotives and cars to use reasonable care not to permit the view of the track to become obstructed with cars standing on the side tracks so that persons passing along a public road or street can not conveniently see and hear a passing engine or train as they approach the crossing of the track; and receivers so operating such railways are liable in damage for an injury to any one passing along such road or street by reason of any negligence on the part of their employes in failing to use such reasonable care."

We are of the opinion that the court erred in giving this instruction. The case of Railway Company v. Murphy, 46 Texas, 356, is directly in point. In that case "the court charged the jury in effect that the defendant was guilty of negligence in the management of the train if the conductor, after stopping a very short space of time, gave the signal of departure and at the same instant of giving said signal caused the train to move and the plaintiff was injured by the force and the moving of the train while he was attempting to get on the car." The court in the opinion, after saying in effect that if any law could be found which made it the duty of a conductor to wait a reasonable time after giving the signal the charge would have been correct, used the following language: "In the absence of any such law defining the acts which con-

stitute negligence, it is a fact to be found by the jury, upon evidence, as any other material fact.'' The doctrine was reaffirmed in Railway Company v. Greenlee, 70 Texas, 553, and has been recognized in many other cases in this court. We have no statute which provides that a railway company shall not permit an accumulation of cars upon its side tracks at a crossing so as to obstruct the hearing or the view of an approaching train, and it was therefore error to instruct the jury that such an act constituted negligence. It was for the jury to say under proper instructions whether the particular acts were negligent or not.

There was evidence to show that the engineer in charge of the train which inflicted the injury left his engine and went a short distance for the purpose of procuring washers to repair the steam joint, and that in his absence the brakeman took charge of the engine and moved the train and thereby caused the collision which inflicted the injury. It was shown that it was not a part of the brakeman's duty to operate the engine. It appeared, however, in evidence that the fireman was upon the engine at the time it was being moved. Upon this phase of the case counsel for the defendants asked the court to give the following charge:

"If you believe from the testimony that at the time of the accident the engine was being operated by a brakeman, and operating an engine was no part of his employment or duty, and that the railway company had not employed him for any such purpose, nor authorized him to do so, the defendants are not responsible for his acts while so operating the engine or for damages done or injuries inflicted by the engine while being operated by him.''

The instruction was refused, and in this ruling there was no error. If the fireman had not been upon the engine the charge may, under the allegations in the petition, have been proper. But upon that question we give no opinion. The testimony does not inform us as to the fireman's duty in the premises. In the absence of the engineer he may properly have had control of the engine, and the testimony tends to show that the train was moving with his consent. If he was properly in charge and if the train was moved with his consent, then the mere fact that the brakeman was acting out of the sphere of his duty would not absolve the company from liability.

The other assignments question the sufficiency of the evidence to support the verdict, and will not be considered.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 24, 1891.