GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY CO. v.
H. R. MICHALKE.

Delivered October 21, 1896.

**1. Railway Company—Accident at Crossing—Obstructions on Right of Way—Charge of Court.**

In an action for injuries received at a railroad crossing, because plaintiff's view of an approaching train was obstructed by houses, stock pens, and cars on defendant's right of way, the following charge is approved: "If you believe from the evidence that defendant permitted obstructions to be placed and remain upon its track and right of way, so as to obstruct the view of plaintiff in approaching the public crossing * * *, and if you believe such acts, if any, constituted negligence on the part of defendant, and that they were the proximate cause of plaintiff's injuries, and that plaintiff did not by his negligence contribute to his injuries, then you will find your verdict for the plaintiff."

**2. Practice—Reading Former Opinion in Presence of Jury.**

Where counsel for plaintiff read to the court, in the presence of the jury, the opinion rendered on a former appeal of the case, but defendant made no objection at the time, and the court instructed the jury that they would "only be governed by the law given you by this court," it was not error to refuse a requested instruction that the jury should not consider the opinion.

**3. Verdict—General or Special.**

The following is a general, and not a special, verdict: "We, the jury, find that the defendant did not use proper caution in allowing its right of way to be obstructed so plaintiff could not see the train, which was running at a greater rate of speed than was allowed by law. Therefore we find for plaintiff for the sum of," etc.

APPEAL from Colorado. Tried below before Hon. T. H. SPOONER.

*Brown, Lane & Jackson* and *Baker, Botts, Baker & Lovett*, for appellant.—1. It is error for counsel to read and discuss before the jury an opinion of the appellate court, based upon a former trial of the cause at bar; and the trial court should, upon request of counsel, instruct the jury to disregard such opinion of the court and remarks of counsel. District Court Rules, 39, 41; Willis v. McNeill, 57 Texas, 475; Railway v. Jarrell, 60 Texas, 269; Thompson v. State, 43 Texas, 273.

2. Although no special finding be required by the charge, yet if the jury find and announce certain facts as the basis of their verdict, the judgment thereon must be sustained alone by the findings expressed in such verdict. Ledyard v. Brown, 27 Texas, 406; Smith v. Warren, 60 Texas, 463; Kuhlman v. Medlinka, 29 Texas, 385; 28 Am. & Eng. Ency. of Law, 386, 399, et seq.; Id., 357, et seq., and notes; Moses v. Manufacturing Co., 68 Ga., 241; Taylor v. Short, 38 Mo. App., 21.

*Foard, Thompson & Townsend* and *Perry J. Lewis*, for appellee.—1. Authorities in support of the charge with reference to obstructions on the right of way: Railway v. Wilson, 60 Texas, 142; Dillingham v. Parker, 80 Texas, 572; Harrell v. Railway, 14 N. E. Rep., 687; Railway v. Hillmer, 72 Ill., 235; Perkins v. Railway, 10 N. Y. Supp., 356.

2. The requested instruction directing the jury to disregard the opinion on the former appeal, was properly refused. Railway v. Grigsby, 33 S. W. Rep., 887; Railway v. Lamothe, 76 Texas, 221.

FLY, Associate Justice.—On the 3rd day of February, 1892, appellee sued appellant to recover damages in the sum of $10,000, alleged to have accrued by reason of personal injuries received by him from being struck by a moving locomotive belonging to appellant. It was alleged that appellee was crossing the railway track in the town of Weimar, at a public street crossing; that there were obstructions on the track that prevented him from seeing an approaching train; that the whistle was not sounded nor bell rung, and that the train was running at a rapid, unusual, and unlawful rate of speed; and through and by reason of such negligence the injuries resulted.

Appellant answered by general demurrer, general denial, and plea of contributory negligence on the part of appellee.

There was a trial by jury, which resulted in a verdict and judgment for appellee in the sum of $3500.

The facts show that appellee was seriously and permanently injured by being struck by a moving locomotive belonging to appellant, while he was crossing the track on a street in the town of Weimar. The injury to appellee was caused by the negligence of appellant in placing obstructions upon the track so as to obstruct the view of appellee in approaching the track, in running the train at a rate of speed prohibited by the ordinances of the town of Weimar, and in failing to blow its whistle or ring its bell as required by statute. Appellee was not guilty of contributory negligence in attempting to cross the street.

The District Court gave the following charge requested by appellee: "If you believe from the evidence that defendant permitted obstructions to be placed and remain upon its track and right of way, so as to obstruct the view of plaintiff in approaching the public crossing in the town of Weimar, and if you believe such acts, if any, constituted negligence on the part of defendant, and that they were the proximate cause of plaintiff's injuries, and that plaintiff did not by his negligence contribute to his injuries, then you will find your verdict for the plaintiff."

The charge is attacked on the following grounds: "(a) The charge complained of fails to instruct the jury as to what would constitute contributory negligence on the part of the plaintiff. (b) The charge does not inform the jury as to what kind of structures, pens, etc., a railway is authorized and required by law to erect and maintain upon its right of way and depot reservations, and which it might erect and maintain without being guilty of negligence, nor as to its right to use its track

for cars and trains, even though they should obstruct the view of persons approaching a public crossing. (c) The charge as given did authorize the jury to find the defendant guilty of negligence, if only such structures were erected upon the right of way and depot reservation as were authorized and required by law, and if only such cars or trains were on its track as were necessary, provided such structures and cars obstructed the plaintiff's view of the track of the defendant, when approaching a public road crossing. * * * (d) The charge does not inform the jury as to the rights of defendant, in permitting cars to stand upon its side track, but leaves it entirely with the jury to determine by their own method under what circumstances it would be negligence on the part of the defendant to leave cars standing upon its track. (e) The charge virtually instructs the jury to find for the plaintiff." The last objection was based on the ground that, the facts showing that seed houses, ice houses, stock pens, and cars did obstruct the view of appellee, the jury could not do otherwise than find for appellee.

Neither of the objections to the charge is well founded. It is a plain, succinct enunciation of the law applicable to the facts. It does not instruct the jury that placing the obstructions on the right of way and track was negligent, but it leaves the jury to say whether or not it was negligent, under the circumstances in evidence before them. While railroad companies undoubtedly have the right to erect and maintain buildings necessary to the promotion of their business, and the convenience of the public, still they might be liable for damages for the manner in which they performed the duty. For that reason, among others, the charge requested by appellant on the subject under discussion was not law, and was properly rejected. It was directly upon the weight of the evidence, and sought to usurp the powers conferred upon the jury. It distinctly informed the jury that the proof of certain facts would not constitute negligence, which has uniformly been condemned by appellate courts, except in certain specified instances. "Ordinarily negligence is a fact to be found or inferred from the testimony; but where, from the testimony on the issue of negligence, no inference but negligence can be drawn, it becomes a question of law; and the court may instruct the jury that negligence has been established." Sanches v. Railway, 88 Texas, 117. A charge similar to the one requested was condemned by the Supreme Court. Dillingham v. Parker, 80 Texas, 572.

The third assignment presents as error the alleged action of the court in permitting counsel for appellee, in his opening argument before the jury, to read to the court, in the presence of the jury, the opinion of the Court of Civil Appeals on a former appeal of the case, and in afterward refusing to give a charge informing the jury that the opinion should not be considered in arriving at a verdict. The only evidence in the record that the opinion in question was read in the presence of the jury is the recital of the fact in the requested charge, which was

refused by the court because given in the general charge.   If we are to take the recitals in the charge, together with the implied admission of their truth by the trial judge, as showing that an opinion of a Court of Civil Appeals in this cause was read before the jury, still appellant has not placed itself in a position to claim any favor in this court in this connection.   No objection to the reading of the opinion was made, and no bill of exceptions reserved, and the first time that it was intimated that it was objectionable to appellant was after the argument was concluded, and the case was being submitted to the jury by the court. We are not informed of the circumstances under which the opinion was read, but may infer from the language of the assignment that it was read during the trial, in some argument to the court.   It is nowhere shown that it was addressed to the jury, or used in the argument to them.   The court instructed the jury that, "in arriving at a verdict in this case, you will only be governed by the law given you by this court." This we think was sufficient.

The following verdict was returned by the jury:   "We, the jury, find that the defendant did not use proper caution in allowing its right of way to be obstructed so plaintiff could not see the train, which was running at a greater rate of speed than was allowed by law.   Therefore we find for plaintiff for the sum of three thousand five hundred dollars damages to plaintiff in this suit."   This is claimed to be a special verdict by appellant, and subject to the rule that a court will not look beyond the finding to any fact apparent in the record in aid of the judgment, and that therefore there was no affirmative finding of negligence on the part of appellant, or that the acts of appellant were the proximate cause of the injury, or that appellee was not guilty of contributory negligence.

The propositions are not maintainable.   The verdict is not a special one.   Definitions of general and special verdicts are so clearly given in the statute that a verdict is easily assigned to the class to which it belongs.   "A general verdict is one whereby the jury pronounce generally in favor of one or more parties to the suit upon all or any of the issues submitted to them."   Revised Statutes, art 1329.   The fact that a jury may name upon which issue it finds for a party does not make it a special verdict; for "a special verdict is one wherein the jury find the facts only on issues made up and submitted to them under the direction of the court."   Revised Statutes, art. 1330; Shifflet v. Morelle, 68 Texas, 383.   In the case cited it is said:   "A verdict is general which finds in general terms in favor of one party or the other, although special facts may be stated as the grounds of the jury's conclusion."   The verdict formed a sufficient basis for the judgment rendered.

Contributory negligence was fully explained to the jury, and the jury was repeatedly informed that appellee could not recover if he had been guilty of contributory negligence.   There was therefore no error in refusing the special charges requested by appellant.   The attack upon the

definition given of contributory negligence is not meritorious. The definition was clear, and ordinary care was also defined.

The objection to the charge on the duties required of railroad companies as to sounding whistles and ringing bells when approaching public crossings, was almost in the language of the statute, and is not open to the criticism urged by appellant. The statute in force at the time of the injury provided that when 80 rods from the crossing the whistle should be blown or bell rung, and that the bell should be kept ringing until the road or street was crossed. A similar charge has been approved by this court. Railway v. Duelm, 23 S. W. Rep., 600.

The evidence is sufficient to sustain the verdict.

The judgment is affirmed.                                *Affirmed.*

Writ of error refused. Written opinion, 90 Texas, 276.