HINES, Director General of Railroads, v. SMITH. (No. 695.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 14, 1921. Rehearing Denied Nov. 30, 1921.)

1. Railroads ⬅350(30)—Contributory negligence of automobile driver crossing ahead of train held for jury.

A driver of an automobile who approached a crossing obstructed by weeds, making it impossible for her to see a train approaching without signal until she was within 15 feet from the track, which she attempted to cross, believing that it was her only chance to escape, held not guilty of contributory negligence as a matter of law.

2. Appeal and error ⬅1062(1)—Submission of special issue in crossing accident case held harmless error.

In an action for injuries sustained by plaintiff's wife, whose automobile was struck by defendant's freight train at a crossing, that the court submitted as a special issue whether defendant had allowed weeds and trees to grow

upon the right of way so as to obstruct the view of trains approaching the crossing, such issue having no basis in the pleading, *held* harmless error in view of the finding of the jury.

**3. Railroads ☞350(16)—Negligent speed of automobile driver held for jury.**

In an action for injuries in a collision between an automobile and a train at a crossing, submission of the issue as to the speed of the automobile *held* proper; the evidence being conflicting.

**4. Damages ☞131(4)—$2,400 held not excessive for broken ribs, etc.**

Where plaintiff's wife, driving an automobile, was struck by defendant's freight train at a crossing, sustaining two broken ribs and experiencing intense suffering for several weeks, and was rendered unable to perform her household duties for four or five weeks, a verdict for $2,400 was not excessive.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Action by Fred. L. Smith against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Affirmed.

J. L. Goodman, of Franklin, Henderson & Ranson, of Bryan, and John M. King, of Houston, for appellant.

. Morehead & Busch, of Franklin, for appellee.

HIGHTOWER, C. J.    The appellee, Fred L. Smith, brought this suit against the Director General of Railroads, in his official capacity, to recover damages because of personal injuries alleged to have been negligently caused to appellee's wife, Mrs. Smith, and also for damages to an automobile in which Mrs. Smith was riding at the time of the accident. The cause of action grows out of a collision between one of appellant's extra freight trains and appellee's automobile where the railroad crosses a public road in Robertson county at a point called Dunn's Switch. About 9 o'clock a. m. on the day of the collision Mrs. Smith left her home in the country in an automobile to go to the little town of Hearne, which was some several miles east of where she lived, and carried with her in the automobile her two little children, one two and the other four years of age. In going to Hearne from her home, she had to cross appellant's railroad at the point above mentioned, and in the attempt to do so the rear end of the automobile was struck by appellant's engine just before the automobile had cleared the track, and the automobile was completely turned around by the impact, and the rear portion of it practically demolished. Mrs. Smith was thrown violently from the automobile to the ground, as were also the two children.

The grounds of negligence as specified in appellee's petition were, substantially, that appellant's operatives in charge of the train at the time failed to give the statutory signals for this public crossing, that is, that they failed to blow the whistle and ring the bell on the engine at a distance of 80 rods from the crossing, and to keep the bell ringing until the crossing should be passed or the train stopped, and that they were also guilty of negligence in running the train at a dangerous and excessive rate of speed at that point, and in this connection it was alleged by appellee that the crossing was seriously obstructed by weeds and bushes and grass, such as Johnson grass, blood weeds, etc., and that, in view of such obstruction at such point, the train should not have been operated at the rate of speed at which it was going at the time. Discovered peril was also pleaded by appellee, but there was no testimony raising that issue to support the plea, and no such issue was submitted to the jury.

· Appellant answered by general demurrer and general denial, and further alleged that Mrs. Smith was guilty of contributory negligence: First, because she failed to use proper care and caution, by looking and listening for the approach of a train to the crossing, before attempting to make the same; and also because Mrs. Smith failed to reduce the speed of the automobile to 6 miles an hour at a point not nearer than 30 feet of appellant's track, and to keep the speed so reduced before attempting to make the crossing, as is substantially required by the statutory law of this state.

Trial was had with a jury, and the case submitted upon special issues, and upon verdict as returned judgment was entered in favor of appellee for the aggregate amount of $2,859.46; $2,400 of this was because of personal injuries to Mrs. Smith, and the remainder was for damages to the automobile. After its motion for new trial had been overruled, notice of appeal was properly entered, and the case is before us on a number of assignments of error.

In view of the form, as well as the substance, of the several assignments of error, it is unnecessary for a proper understanding of the contentions here that this court should deal with them separately, but what we shall say will, in effect, dispose of them all.

It is earnestly insisted by appellant that the uncontradicted evidence adduced upon the trial showed that Mrs. Smith was guilty of contributory negligence as a matter of law, and that therefore appellant's peremptory instructions to that effect were erroneously refused by the trial court. We will dispose of this contention at the outset. The jury found, in answer to special issues, that

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellant's operatives in charge of the train failed to blow the whistle and failed to ring the bell, as alleged by appellee, and further found that such failure was negligence, and that such negligence was· a proximate cause of the collision between the engine and the automobile, and · further found that Mrs. Smith was not guilty of contributory negligence. The evidence adduced upon the trial bearing upon the issue of contributory negligence was sufficient to authorize a finding by the jury that, when Mrs. Smith approached the crossing in question, and when she reached a point between 90 or 100 feet of the crossing, she brought her automobile almost to a complete stop, and that at that point she both looked and listened for a train that might be approaching the crossing, and that she neither saw nor heard the train; that Mrs. Smith then again started in the direction of the crossing, her car being in low gear, and proceeded very slowly until she had gone far enough to shift her gear into second, and continued to proceed to make the crossing, and that, when she had approached so near to the track that the front wheels of the automobile were practically upon the rail, she discovered for the first time the approach of the train to the crossing; that Mrs. Smith, thereupon concluding that her only chance to save herself was to advance the car and try to escape the collision,· immediatley made such attempt, but before the car had entirely cleared the crossing the rear end, as stated before, was struck by the engine, with the result as stated.

[1] The evidence was further sufficient to show, if not conclusive, that the view of this crossing was seriously obstructed by reason of the presence of a heavy growth of Johnson grass and blood weeds, which extended, as some .of the witnesses say, right up to the very rails of the track. It was shown, as we think by uncontradicted· evidence, that some of this Johnson grass and blood weeds was almost, if not quite, as high as a man's head when sitting on a ·horse, and that the growth was no dense that it was impossible for Mrs. Smith to see the approaching train until she was within a very few feet, perhaps not exceeding 15 feet, of the actual track, and the fact, if a fact, as contended by appellant, that Mrs. Smith advanced the automobile for the purpose of beating the train over the crossing, in such circumstances, she believing, as she testified, that it was her only chance to escape the collision after being aware of the approaching train, would not convict her of contributory negligence as a matter of law, and all of appellant's contentions to the contrary are overruled. Appellant cites, as supporting its contention in this .case, quite a list of decisions of the appellate courts of this state, among them being Railway v. Edwards, 100 Tex.

22, 93 S. W. 106, Railway v. Dean, 76 Tex. 74, 13 S. W. 45, Railway v. Bracken, 59 Tex. 71, Railway v. Kutac, 72 Tex. 643, 11 S. W. 127, and many others, in which it was held that the person injured was guilty of contributory negligence as matter of law. It will be found in all of such cases that the condition of the record was such that the court was able to say and did say that it was admitted or proved beyond contradiction that the injured party in those cases used no care whatever to ascertain whether a train might be approaching the crossing before attempting to make the same, and in the next place it will be found, upon careful reading of such cited authorities, that the view of the approaching train in those cases was unobstructed, and that by a slight effort on the part of the injured person in using his senses of seeing or hearing the approach of the train might have been discovered and the collision avoided. Such authorities upon such facts properly hold that, where it is admitted or shown beyond dispute that a traveler on approaching a railroad crossing uses no care to .ascertain whether a train might be approaching the crossing, he is, as a matter of law, guilty of contributory negligence, and this court, wherever such situation was shown, has not declined to enforce the rule. But it is the contention of appellant that it was the duty of Mrs. Smith to commence looking and listening for the approach of the train to this crossing just as soon as she had reached a point where she might do so, and to continue to both look and listen for the approach of a train to the crossing before going upon the same, and that, even though she did not actually discover the approach of the train until within a few feet of the crossing, nevertheless, even at that point, had she been looking in the direction from which the train was coming, she could have discovered its approach in time to have stopped her car and avoided the collision, and that, not having done so, she was guilty of contributory negligence as a matter of law, and appellant, in keeping with such contention, requested the trial court to instruct the jury, substantially, that it was the duty of Mrs. Smith, on approaching the crossing, to commence looking and listening for an approaching train thereto, and to continue to look and listen ·for such approaching train until she had made the crossing or stopped, and that, if the jury should conclude that Mrs. Smith failed to do these things, she was guilty of contributory negligence as a matter of law. Such is not the law of this state, and the court correctly refused such instructions, and especially is this true where the view of an approaching train to the crossing is seriously obstructed, as was the case here. Railway Co. v. Neff, 87 Tex. 308, 28 S. W. 283; Railway Co. v. Rogers, 91 Tex. 57, 40 S. W. 956;

Railway Co. v. Harris, 22 Tex. Civ. App. 16, 53 S. W. 599.

Special issue No. 7 submitted for the jury's consideration was as follows:

"Did the servants, agents, and employés of defendant permit and allow weeds, grass, trees, and bushes or other obstructions to grow upon the right of way of said railroad track so as to shut off and obstruct the view of trains approaching said crossing by persons approaching said crossing at the time plaintiff's wife is alleged to have been struck and injured?"

[2] This issue was submitted over the objection of appellant. There are several contentions as to why it was improper to submit this issue to the jury. The first is that appellee did not plead the existence of this obstruction as an independent ground of negligence, and therefore there was no pleading as a basis for the submission of such issue. In this contention appellant is correct. As we construe appellee's pleading, the obstruction to the view of an approaching train by reason of the presence of grass and weeds, etc., mentioned was only mentioned as a reason why appellant's operatives in charge of the train should have approached the crossing with greater care. The court, therefore, had no basis in the pleading for the submission of this special issue, and all of appellant's assignments in that connection are well taken. But we cannot possibly see how this error on the part of the court was prejudicial to appellant. Indeed, the court, in effect, instructed the jury that the presence of these weeds and grass, etc., constituting the obstruction, could only be considered by the jury in determining whether the operatives in charge of the train were guilty of negligence in handling the same at the point of the collision. Just why he submitted special issue No. 7 with that view of the law in mind we are unable to understand. The jury, however, found expressly that appellant's operatives were guilty of negligence in failing to blow the whistle at the proper distance from the crossing, and that this was a proximate cause of the collision, and further found that the operatives were guilty of negligence in failing to ring the bell and to keep the same ringing, as required by statute, and that this failure was a proximate cause of the collision. So we say that the trial court's mistake in submitting special issue No. 7, together with the other issues in that connection, was harmless and could not have prejudiced in the least appellant in this cause.

In this connection it is further contended by appellant that, even if the presence of these obstructions had been specially pleaded as an independent ground of negligence, the same could not have been submitted to the jury, because, as a matter of law, such obstruction could not constitute an independent ground of negligence. In what we have

said in this matter we would not be understood as holding that the presence of weeds and grass permitted by a railroad company at a public road crossing, such as was the case here, could not be made the basis of an independent ground of negligence and liability based thereupon. As supporting the contention that such obstruction could not constitute an independent ground of negligence, appellant cites Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956, Railway Co. v. Knight, 91 Tex. 660, 45 S. W. 556, Dillingham v. Parker, 80 Tex. 572, 16 S. W. 335, and other cases. In all those cases it will be found upon inspection that the obstructions there sought to be made the basis of recovery were such as buildings, water tanks, box cars, etc., used in connection with and in furtherance of the railroad's business, and useful and necessary to the prosecution of that business. We doubt that the reason of the rule as announced in those cases which deny that negligence can be predicated upon the presence of such obstructions as buildings, water tanks, cars, etc., should be applied to such obstructions as were shown to exist in this case, such useless obstructions as weeds and grass and sprouts and bushes upon appellant's right of way, and in close proximity to a public road crossing. In the Knight Case, supra, our Supreme Court reasoned as follows:

"In the case of Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956, we held that it is not negligence for a railroad to put on its right of way obstructions to the view of one approaching the crossing, whether the obstruction be placed there by the railroad for its own use, or by another, by the railroad's permission, to be used in connection with the business of the road; but it is merely a matter to be considered on the question whether there was negligence in the operation of a train at the crossing. It is obvious in the present case that the obstructions which were placed near the track of the defendant company were the ordinary structures used by the company in receiving and discharging its freight. When near a crossing, such structures necessarily obstruct the view of those using the highway in passing over the track. From the very nature of the case, at every depot of a railroad company the view of approaching trains must in some measure be shut off by the buildings which are requisite to the transaction of its business, and hence the erection and maintenance of such building cannot, on account of it obstructing the view of the track, be deemed negligence either in law or in fact."

In the case of Railway Co. v. Michalke, 14 Tex. Civ. App. 495, 37 S. W. 480, the Court of Civil Appeals at San Antonio held, substantially, the contrary of what the Supreme Court held in the Knight Case, but in the Michalke Case the Supreme Court seems to have denied a writ of error. It is unnecessary that this court should de-

cide the point at this time, because, as we have already said, there was no basis in the pleadings for the issue as the same was submitted to the jury.

The court submitted for the consideration of the jury the issue of whether or not Mrs. Smith's automobile, at the time of the collision, was being driven at a faster rate of speed that 6 miles per hour at a point not nearer than 30 feet from the crossing. Appellant objected to the submission of this issue on the ground that the evidence was undisputed that Mrs. Smith was exceeding a speed of about 6 miles per hour and that it was error for the court to submit an issue about which there was no dispute. Appellant's engineer did testify, substantially, that he thought, or in his opinion, Mrs. Smith was driving the car at a speed of between 12 and 15 miles an hour when he first discovered her, about 75 feet from the crossing, and that she did no seem to reduce the speed after that. Another witness for appellant, who was on the train accompanying a shipment of some automobiles to San Antonio, testified that in his opinion the automobile was being driven at a speed of about 12 miles an hour, and that it was not reduced before Mrs. Smith went upon the crossing. Mrs. Smith's evidence was susceptible, however, of the construction that when she was in 100 or 90 feet of the crossing, she brought her automobile almost to a complete stop, and that she proceeded very slowly, being compelled to first get her car out of low gear and into second and that she never attempted to speed up the car until she discovered that she was practically on the track and would be killed by the collision.

[3] We do not think that the court was in error in submitting this issue as one of fact, and it did not appear conclusively from the evidence that Mrs. Smith approached the crossing at a speed exceeding 6 miles an hour, as contended by appellant. In answer to the issue so submitted, the jury found that the car was not being driven at a speed exceeding 6 miles per hour.

We have carefully read and considered all assignments complaining of the action of the court in its charge to the jury and also those relating to the refusal of the court to give special charges requested by appellant, and, without considering them further than we have hereinabove indicated, we conclude that they should not be sustained, and they are overruled.

[4] It is contended by appellant that the jury's verdict is excessive in so far as it awards damages for personal injuries to Mrs. Smith. As shown above, the jury found that appellee was entitled to damages for Mrs. Smith's injuries in the sum of $2,400. The evidence was sufficient to show, if not practically without dispute, that Mrs. Smith was thrown with great violence out of her automobile when the collision occurred; that she was partially unconscious if not wholly so, for some moments after the collision; that she received a very severe blow upon her head and a terrific knot or swelling immediately followed. After the accident she was conveyed by a neighbor in his automobile to the town of Hearne, and was there immediately placed under the care of a physician, where she remained several hours, and she was then removed to a hotel in the town of Hearne where she remained two days and one night. No physician testified in the case, but Mrs. Smith testified that two of her ribs were broken and another was considerably bent; that she experienced intense suffering on account of her injuries at the time and for several weeks afterwards. After remaining at the hotel for two days and a night, she was conveyed by an automobile to her mother's home, some 15 miles distant from Hearne, and there she remained, according to the undisputed testimony, for a period of two weeks, during which time she suffered a great deal of pain in consequence of her injuries, and she was practically helpless during the time she remained at her mother's. She afterwards went to her home, and she was unable to do any character of her household work for something like four or five weeks, and suffered at intervals from her injuries. She testified on the stand that even up to the time of the trial she frequently is troubled with pains in her side, and that she can no longer wear tight-fitting clothes of any character, and that she is very nervous and cannot sleep well any more, but, on the contrary, the slightest noise or disturbance annoys her at night and causes her a good deal of inconvenience. She further testified, as did her husband, that before she sustained those injuries she was a young woman of robust health and constitution and able to perform without assistance all of her household duties, but that since the injuries her constitution and physical condition have been so weakened and impaired that she has to hire a servant to discharge her household duties, and when she undertakes at times to perform them as she did before the injury she gets sick and has to desist, becomes nervous, and her head swims and she is unable to prosecute her duties as she did before. Upon such facts as these, this court would not be warranted in finding that the amount awarded the appellee for these injuries is excessive.

There is nothing in the contention that the jury's verdict acquitting Mrs. Smith of contributory negligence is without support in the evidence, and that assignment is overruled, together with all others, and the judgment will be affirmed.

It is so ordered.