## RHODES v. LIVESAY. (No. 1374.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 23, 1922.)

1. Appeal and error ⟨key⟩1001(1) — Finding, properly submitted and supported, will not be set aside.

Appellate court cannot set aside findings on issues of fact properly submitted, which are supported by evidence.

2. Trial ⟨key⟩360 — Special verdict on specific questions not vitiated because preceded by memorandum.

The special verdict of a jury in answer to specific questions is not vitiated because the answers to the questions were preceded by a memorandum and computations upon which the jury based their answers, and such memorandum is properly disregarded by the court in rendering judgment on the direct answers to the specific questions.

3. Trial ⟨key⟩365(1)—Memorandum in special verdict held not to evidence intent to allow defendant credit on plaintiff's claim for services rendered.

A memorandum, preceding the answers to specific questions in a special verdict, held not to evidence an intent to allow defendant a credit on plaintiff's claim for compensation on quantum meruit for the services rendered in a chicken business.

**4. Appeal and error ⟨⟩930(3)—Question not submitted to jury for special verdict presumed resolved by court.**

Where all issues of defendant's cross-action are not submitted to the jury for a special verdict and no other questions are requested, it is presumed that those not submitted were resolved by the court against defendant.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by T. E. Livesay against A. H. Rhodes. From a judgment for plaintiff, defendant appeals. Affirmed.

Burges & Burges, of El Paso, for appellant.

C. M. Wilchar, of El Paso, for appellee.

HIGGINS, J. The statement of the nature and result of this suit as stated in appellant's brief and conceded by appellee to be substantially correct is as follows:

"This was a suit instituted in the county court at law of El Paso county, Tex., by the appellee, T. E. Livesay, and against the appellant, A. H. Rhodes, for the recovery of the sum of $250, alleged by plaintiff to be due him by defendant for wages covering a period of 10 months at $25 per month, plaintiff alleging services rendered under express contract for the payment of wages at the rate of $25 per month. By a second count of the petition, plaintiff alleged that, if he be in error as to an express contract to pay wages in the sum of $25 per month, at defendant's instance and request he worked for defendant during a period of 10 months, and that the services rendered were of the reasonable value of $25 per month. Plaintiff further alleged that he had made written demand for payment of the wages alleged to be due; that payment thereof was refused, and he had been compelled to place the claim in the hands of an attorney and bring suit to enforce payment, and prayed judgment for his debt, attorney's fees and costs.

"The defendant, this appellant, answered by general exception and general denial and a special answer, in which he alleged that by express agreement between plaintiff and defendant, entered into about February 1, 1920, plaintiff and defendant mutually agreed that wages theretofore paid plaintiff by defendant were to be, from that date, discontinued, and 'plaintiff was to look solely to the joint poultry business of plaintiff and defendant for compensation for any services thereafter rendered while on the farm of defendant. By way of cross-action this appellant alleged that on or about February ——. 1919, he entered into an agreement with plaintiff to conduct a poultry business, by the terms of which he furnished plaintiff a house to live in and premises upon which to conduct the poultry business, also furnished him with chickens, turkeys, and ducks, and the sum of $100 in cash to start said business, and they were to share equally in the profits thereof; that thereafter, in violation of their agreement, and without defendant's knowledge or consent, plaintiff bought lumber for houses and coops for poultry on the credit of this defendant, and for which defendant was compelled to pay and did pay. Defendant further alleged that plaintiff converted to his own use barley in excess of one ton, and of the value of $2.25 per hundred pounds, and alfalfa of the value of $75; that plaintiff converted to his own use the full revenues of said business, in excess of $400, and thereby became indebted to defendant in the sum of $200; that upon the dissolution of said joint poultry business, plaintiff converted to his own use more than one-half of the poultry then on hand; and that by reason of his conversions as aforesaid plaintiff was due and owing to this defendant the sum of $550, for which he prays judgment."

The case was submitted upon special issues as follows:

"Question No. 1. Do you find from a preponderance of the evidence before you that, on or about the 1st day of February, 1920, A. H. Rhodes. employed T. E. Livesay to work upon his ranch near Canutillo, Tex., for 10 months, at an agreed sum of $25 per month? Answer Yes or No.

"If you have answered question No. 1, No, but not otherwise, then you will answer the following question:

"Question No. 2. Do you find from a preponderance of the evidence before you that the plaintiff worked for the defendant during the year of 1920, 10 months, upon defendant's farm near Canutillo, Tex.? Answer Yes or No.

"Question No. 3. Do you find that the defendant received and accepted said work of the plaintiff?

"If you have answered questions No. 2 and No. 3, Yes, then you will answer question No. 4.

"Question No. 4. What do you find from a preponderance of the evidence to be the reasonable value of the labor of said plaintiff per month?

"If in answer to question No. 4 you have answered $25.00 per month, and in answer to question No. 2 you have answered that the plaintiff worked 10 months for said defendant in the year 1920, then, but not otherwise, you will answer question No. 5.

"Question No. 5. Do you find that a written demand was made upon the defendant for payment for said amount more than 30 days prior to October 25, 1921? Answer Yes or No.

"If you have answered question No. 5 in the affirmative, then, but not otherwise, you will answer question No. 6.

"Question No. 6. What do you ·find to be a reasonable attorney's fee for representing the plaintiff in this suit?

"In answering question No. 6 the court instructs you that, if you answer question No. 6, the amount stated in your answer must not exceed $20.00.

"Question No. 7. What do you find from a preponderance of the evidence before you to be the value of the money and other property placed in the poultry business, by the defendant, A. H. Rhodes?

"Question No. 8. What do you find to be the value of the money and other property received by the defendant from the poultry business conducted by the plaintiff and the defendant?

"Question No. 9. What do you find to be

value of the money and other property received by the plaintiff from the poultry business conducted by the plaintiff and the defendant?"

Immediately following question 9 the court charged:

"In answering the last foregoing three interrogatories you will please state the various items, and the value thereof composing your answer, and then total the various items, if any, and their value, so found by you."

The jury returned this verdict:

"Value of money and other property put in poultry business by defendant:

| | |
|---|---:|
| Chickens | $ 25 00 |
| Cash | 100 00 |
| Barley | 47 25 |
| | $172 25 |

Value of property received by the defendant as follows:

| | |
|---|---:|
| Poultry and eggs | $101 84 |
| Amount due defendant | $ 70 41 |

"Value of money and other property received by plaintiff as follows:

| | |
|---|---:|
| Copartnership funds | $26 00 |
| Bank balance | 16 15 |
| | $42 15 |

One-half of which is due defendant. Amount due plaintiff for material furnished for defendant:

| | |
|---|---:|
| nished for defendant | $12 65 |
| Due defendant | $70 41 |
| One-half of $42.15 due defendant | 21 08 |
| | $91 49 |

Less amount furnished from personal funds

| | |
|---|---:|
| by plaintiff for defendant's farm use | 12 65 |
| | $78 84 |

"F. E. Livesay v. A. H. Rhodes. No. 7890.

"Verdict of the Jury.

"To question No. one (1) we answer, No.
"To question No. two (2) we answer, Yes.
"To question No. three (3) we answer, Yes.
"To question No. four (4) we answer, $25.00.
"To question No. five (5) we answer, Yes.
"To question No. six (6) we answer, $20.00.
"To question No. seven (7) we answer, $172.-25.
"To question No. eight (8) we answer, $101.-84.
"To question No. nine (9) we answer, $42.-15."

Judgment in Livesay's favor was rendered for $250, with interest, and for the further sum of $20 as an attorney's fees, and that Rhodes take nothing by his cross-action.

Opinion.

[1] The contention that the verdict is contrary to the evidence is overruled. The plaintiff's testimony raises an issue of fact, which it was the province of the jury to pass upon, and under the settled rule this court cannot set aside findings supported by sufficient evidence.

As to the assignment that the court erred in receiving the verdict because the jury failed to return answers to the issues submitted, this is not supported by the record. There were nine questions asked, and to each of them an answer was returned.

[2] As to those propositions which assert that the verdict is ambiguous and insufficient upon which to base a judgment there is no ambiguity or uncertainty in the specific answers made to the questions submitted. The verdict was a special one in answer to specific questions. The memorandum made by the jury preceding the answers does 'not vitiate the verdict, nor can it control the clear and unequivocal answers to the questions asked. The court properly disregarded the memorandum, and rendered the proper judgment upon the direct answers to the questions. Railway Co. v. Michalke, 14 Tex. Civ. App. 495, 37 S. W. 480; S. A. Traction Co. v. Corley (Tex. Civ. App.) 154 S. W. 621.

[3] Upon this view it follows that the fifth proposition is without merit, which claims that the memorandum shows the jury intended to allow defendant a credit of $78.84 on the plaintiff's demand. Furthermore we do not regard the memorandum as evidencing an intention to allow a credit upon the amount of wages due upon the quantum meruit. The memorandum and last three questions all related to the chicken business in which the parties had been engaged, and which had been brought into the case by the defendant's cross-action. According to the defendant's allegations he was entitled to share only in the profits, and the evidence is that the business was not profitable.

[4] The questions submitted did not cover all the issues raised by the evidence upon the cross-action, but no additional questions were requested to be asked, and it is therefore presumed that the court resolved against defendant the issues not submitted.

Affirmed.