**TEXAS & N. O. R. CO. v. BLAKE et al.**

No. 14571.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 5, 1943.

Rehearing Denied Dec. 10, 1943.

684

Baker, Botts, Andrews & Wharton, of Houston, Landman & Landman and E. A. Landman, all of Athens, for appellant.

Justice, Moore & Justice and W. D. Justice, all of Athens, for appellee.

SPEER, Justice.

This is an appeal by Texas and New Orleans Railroad Company, hereinafter referred to as appellant, from an adverse judgment in favor of E. L. Blake, to whom we shall refer as appellee.

Appellee's cause of action grew out of injuries sustained by him when struck by a moving train on appellant's tracks at a public highway crossing. Allegations were made of negligence by appellant and the suit was defended upon allegations of general denial and enumerated acts of contributory negligence by appellee, assertedly constituting contributory negligence as a matter of law.

No attack is made by either party on the sufficiency of the pleadings. They are disclosed by the nature of the special issues submitted and answered and need not be repeated.

The jury verdict convicts appellant of two acts of negligence proximately causing the collision, and acquits appellee of all contributory negligence.

At the conclusion of the testimony appellant moved for an instructed verdict, primarily upon the ground that appellee was shown to be guilty of contributory negligence as a matter of law which proximately caused his injuries. The motion was denied by the court. The jury verdict, based on special issues, found: That appellant did not sound the whistle 440 yards from the crossing, and that it did not begin ringing the bell at that distance and continue to ring it until it reached the crossing, and that failure in both instances was a proximate cause. That the train was traveling 30 miles per hour, but that was not negligence. In response to special issue 10, it was found that the crossing was more than ordinarily hazardous, and by 11, that appellant's failure to keep a flagman there was negligence, and by 12, such failure was a proximate cause. Answer to issue 13 found that failure to maintain, at the crossing, electric or mechanical devices for warning purposes was negligence and by a related inquiry, such failure was a proximate cause. By issue 15 it was found that appellant's warehouse near the track obscured appellee's vision of the approaching train and that this was negligence and a proximate cause. Relative to contributory negligence the jury found, in response to issue 18: Appellee did not fail to look for approaching trains at a point "where danger could be discerned and precaution taken to avert danger, as he approached the crossing in question". 21: Appellee did not fail to listen for moving trains from a point where danger could be discerned and precautions taken to avert the danger. 24: Appellee did not fail to keep his motor truck under control so as to avert a collision with the train. 27: It was not negligence for appellee to fail to stop his truck at a point where danger of moving trains could be discerned. 29: Appellee did not fail to keep a proper lookout. 31: Appellee was driving his truck at 20 miles per hour as he approached the crossing, this was not negligence. And 34: The collision was not the result of an unavoidable accident.

Appellant was denied a motion for judgment on the verdict, and judgment was entered in favor of appellee for the amount found by the jury in response to issues to which issues and the amount no objection was made. Appellant perfected this appeal.

Points 1, 7 and 8 assert error in the refusal of the trial court to give appellant's requested peremptory instruction. The contention is made that the instruction should have been given because appellee is shown by the undisputed evidence to have been guilty of contributory negligence as a matter of law, proximately causing the injuries sustained. After a thorough study

of the record and the authorities on the point, we have concluded that the peremptory instruction was properly refused.

Briefly stated, negligence may be said to be the doing of something that a person of ordinary prudence would not have done under similar circumstances, or the failure to do something that such a person would have done under same or similar circumstances. City of Waco v. Diamond, Tex.Com.App., 65 S.W.2d 272.

Contributory negligence, as applied to a plaintiff or injured person, is a failure on his part to exercise ordinary care for his own safety, and that care is always proportionate to the danger (with which he is charged with notice) to be guarded against. 30 Tex.Jur. 648, sect. 2. There is no difference in the degree of care with which both the plaintiff and defendant are charged under the law— each must use such care as a person of ordinary prudence would use under the same circumstances. The burden of proof is on the plaintiff to establish negligence by the defendant or the one charged to have caused the injury, and the burden is upon defendant to establish contributory negligence by the plaintiff or injured person. Lackey v. Moffett, Tex.Civ.App., 172 S.W.2d 715; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224.

As a general rule well established, whether or not given acts constitute negligence, either primary or contributory, is a question of fact for jury determination, if a jury is had. Yet there are well-recognized exceptions to the rule. Some of the exceptions involve violations of penal statutes, as well as instances in which the established facts admit of only one reasonable conclusion in reasonable minds. Our courts have spoken many times on the exceptions to the general rule—in fact the exceptions are as well established as the rule itself. The expression of "negligence or contributory negligence per se or as a matter of law" has been applied to those cases where the fact issue is removed from jury consideration. Cross v. Wichita Falls & S. R. Co., Tex.Civ.App., 140 S.W.2d 567, 570, and cases cited.

Our courts have never attempted to make the test of whether or not acts constitute negligence, when that issue is involved, other than to apply the test of ordinary care, or such care as an ordinarily prudent person would exercise under the same or similar circumstances. In this respect it has been held that "Unless but one reasonable conclusion can be drawn from the evidence, the question whether there has been negligence or contributory negligence is a question of fact to be determined by a jury." Galveston, H. & S. A. Ry. Co. v. Price, Tex.Com.App., 240 S.W. 524, 526; Sanches v. San Antonio & A. P. Ry. Co., 88 Tex. 117, 30 S.W. 431; Ferrell v. Beaumont Traction Co., Tex.Com. App., 235 S.W. 531; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S.W. 139; Trochta v. Missouri, K. & T. Ry. Co., Tex. Com.App., 218 S.W. 1038; Texas & N. O. R. Co. v. Harrington, Tex.Com.App., 235 S.W. 188; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224.

In the instant case it is contended that appellee (the injured party) was guilty of contributory negligence as a matter of law, and for that reason he could not recover, and that appellant's requested peremptory instruction should have been given. There is no contention that appellee violated any penal statute, but that the facts established a situation about which reasonable minds could not differ, that is, only one reasonable conclusion could be drawn from the facts and circumstances under which he received his injuries.

It is the universal rule, well recognized by the courts and the public generally, that crossing a railroad track carries with it a hazard. Trains must be operated on the tracks and frequently pass such dirt road crossings; trains have the right-of-way but they must be operated with care and caution, such as reasonably prudent men would exercise while doing so. The operatives are not licensed to disregard the rights of the public to use the highway crossings. Those who cross the tracks must use the same degree of care for their own safety as would a reasonably prudent person in attempting to do the same thing.

Whether or not appellee failed, as a matter of law, to exercise that degree of care that a reasonably prudent person would have exercised, when he attempted to cross appellant's tracks, is the question involved in the points under consideration. The record shows that he was familiar with the crossing, was in possession of all his faculties, and was charged with knowledge of the dangers incident to the

crossing. He testified (and it is uncontradicted) that on the date of the accident he was driving his truck containing a tank loaded with oil products; he traveled the paved highway east paralleling at some distance the track, and his business call required him to leave the paved highway and cross the track on a gravel road. He said it is down a rather heavy grade from the pavement to the crossing; the road runs through a cut with dirt piled up on the banks; that at one point one can see from the road he was traveling a train approaching the crossing from either direction; he looked both ways at this point and saw no train; the plat in evidence indicates this point is 150 feet from the crossing and one could see the tracks 360 feet from the crossing; from the point where he could have seen a train if there had been one there, he said he slowed his truck down to 10 or 15 miles per hour and could not see a train, if one was approaching, until he was within 50 feet of the tracks and at that point the corner of the warehouse obstructed his view up the track west; he came almost to a stop but kept moving and as his front wheels were on the side track about 10 feet from the main line, a train approached from the west and came from beyond the warehouse; it was 50 or 60 feet away; he said he could not stop his truck in the space between the two tracks and thought his best chance was to speed up and go across the main line; the engine struck his truck, demolishing it and injuring appellee in the manner described by him and the doctors. He said he heard no whistle nor bell; that if either had been sounded he was positive he would have heard it. Disinterested witnesses corroborated appellee with reference to the nature of the embankments, the crossing and location of the warehouse. Two other witnesses were working at the warehouse, one inside and one outside; they said they did not hear the whistle or bell and did not see or hear the train until it was even with the warehouse.

One of the earliest cases we have found in which our Supreme Court discussed acts constituting negligence by an injured person at a railroad crossing, as a matter of law, is Gulf, C. & S. F. Ry. Co. v. Gaddis, Tex.Com.App., 208 S.W. 895; there the plaintiff attempted to walk across a track on a public street at night after the whistle had sounded and the bell was ringing and a flagman warned him not to cross.

The plaintiff was apparently acquainted with the crossing, knew of the danger and made no effort to protect himself from injury. That case has been followed many times and is now the settled law on that point. Reviewing the subsequent authorities the court announced the rule in Wichita Valley Ry. Co. v. Fite, Tex.Civ. App., 78 S.W.2d 714, to be: That where the undisputed evidence shows the existence of a danger and the injured party was chargeable with knowledge of the danger, and exercised no care whatever, then there is shown a case of contributory negligence as a matter of law. But where there is evidence showing some care and the question is one of the sufficiency of the care, a jury issue is presented. Citing Gulf, C. & S. F. Ry. Co. v. Gaddis, supra, and many cases following it. In testing the sufficiency of care taken by the injured party, all testimony on the point and all reasonable inferences therefrom will be regarded as true. Napier v. Mooneyham, Tex.Civ.App., 94 S.W.2d 564, writ dismissed.

Under almost the same state of facts as in the instant case, the court announced a similar doctrine to that in the above cited case in Hines v. Smith, Tex.Civ.App., 235 S.W. 654.

Many of the cases relied upon by appellant in support of its contention that the instructed verdict should have been given, involve acts of the injured persons who either had full knowledge of the danger or were chargeable with that knowledge and did not take any precautionary steps to avoid the accident. Many of these cases are collated in United States Gas Corp. v. Crawford, Tex.Sup., 172 S.W.2d 297, 298. In the last cited case the injured party had full knowledge of the existence of the excavation near which he was working when injured; it had rained the night before and with full knowledge of the danger of his acts he continued to work "near the edge of the hole without protest". That and other such cases did not involve hidden or unusual conditions. In the instant case it was the hidden danger of the approaching train that caused the injury. The mere crossing of the rails of a railway track is not inherently dangerous, but the danger lies in the fact that moving trains may be on those tracks; such movements of trains are often hidden and the question before us is whether there was sufficient evidence of probative value to support

the jury finding that appellee was not guilty of negligence in failing to make the discovery. As indicated above, it cannot be said that there was no evidence that appellee did not exercise some care, and under the cited authorities the jury question was raised.

To emphasize its argument in support of the contention that its instructed verdict should have been returned, appellant cites Baltimore & O. R. Co. v. Goodman, 275 U.S. 66, 48 S.Ct. 24, 25, 72 L.Ed. 167, 56 A.L.R. 645, by the U. S. Supreme Court in which it is held in substance that if a party who attempts to cross a railway track cannot be absolutely certain as to his safety, to discharge the degree of care required of him he must stop his automobile, look, listen and in some circumstances get out of his car and inspect the locality, and if satisfied no train is approaching, then he may proceed, but to do less, and if he is injured, he will be deemed negligent as a matter of law. The Supreme Court of this state does not adhere to the rule announced in the cited case. In Le Master v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224, 226, referable to the sufficiency of such evidence, it was said: "It is not possible for this Court to define to an absolute certainty the kind and quantity of evidence that is sufficient in law to show either negligence or contributory negligence." In the earlier cases by our Supreme Court, they have refused to go further than to apply the rule of ordinary care. See Trochta v. Missouri K. & T. Ry. Co., Tex.Com.App., 218 S.W. 1038, and Galveston, H. & S. A. Ry. Co. v. Wells, 121 Tex. 310, 50 S.W.2d 247. In the last cited case, it was held as the settled rule in Texas that one who was shown to have not stopped, looked and listened for an approaching train before attempting to cross a track, and was injured in crossing, would not be deemed to be guilty of negligence as a matter of law. In view of the authorities cited, and the facts in evidence, we overrule the points under discussion.

■ Points 2, 3, 4, 5 and 6 assert error in submitting special issues 10, 11, 13, 15 and 16. No. 10 inquired if the crossing was more than ordinarily hazardous. Nos. 11 and 13 were conditioned upon an affirmative answer to No. 10, and conditionally inquired if it was negligence for appellant to fail to have a flagman or mechan-

ical device at the crossing to warn the public of danger. Special issue No. 15 inquired if the presence of the warehouse constituted negligence. These issues were answered against appellant, but it is claimed that there was no testimony raising the issue of extra hazardous crossing. In this we think appellant is correct. It is contended that the presence of the warehouse was undisputed, but that it was necessary in the operation of the appellant's business and was an immaterial issue for jury determination.

■ It will be observed that there were findings by the jury that appellant was negligent, proximately causing the collision in failing to sound the whistle and bell. These findings alone, supported as they are by the testimony, support the judgment. In view of these findings, the improper submission of immaterial issues and findings thereon will not require a reversal of the judgment, when they do not conflict with material findings. Kelley v. Ward, 94 Tex. 289, 60 S.W. 311. Error committed in submitting immaterial issues may be harmless where the issue has no bearing on the result of the case. 41 Tex.Jur. 1039, sect. 234; Texas & P. Ry. Co. v. Eddleman, Tex.Civ.App., 175 S.W. 775; Hines, Director General v. Smith, Tex.Civ.App., 235 S.W. 654; Chicago, R. I. & G. Ry. Co. v. Steele, Tex.Civ.App., 264 S.W. 503; St. Louis S. W. Ry. Co. v. Larkin, Tex.Civ.App., 34 S.W.2d 693, writ dismissed; Missouri, K. & T. Ry. Co. v. Young, Tex.Civ.App., 127 S.W.2d 489, writ dismissed. It is not contended by appellant that the submission by the court of the immaterial issues and those upon which there was no testimony adduced, in any way influenced the jury to answer the material issues of negligence against it, or in any way affected the finding of negligence to fail to sound the whistle and bell as required by law.

In view of the findings of failure to sound the whistle and bell, in violation of statutory requirements, and that they constituted proximate cause, we conclude that no reversible error is shown in procuring answers to submitted issues which were immaterial and not supported by evidence.

For the reasons stated, and upon the authorities cited, the judgment should be and is hereby affirmed.